## MONEY PAID BY A MUNICIPALITY BY MISTAKE.

Circuit Court of Cuyahoga County.

THE L. R. & J. SMITH COMPANY v. THE CITY OF CLEVELAND.

Decided, December 28, 1908.

Money voluntarily paid by a municipal corporation to a contractor on a claim for extras allowed under a misconstruction of the terms of the contract between the parties can not be recovered back, in the absence of fraud or mistake of fact.

*Goulder, Holding & Masten,* for plaintiff in error.
*Newton D. Baker,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties here is the reverse of the relation in which they stood in the court of common pleas. The terms

plaintiff and defendant as used in this opinion will refer to the parties as they stood in the original action.

The plaintiff is a municipal corporation, and the defendant is a business corporation.

The plaintiff sued to recover from the defendant the sum of $1,903.44, which was paid by the plaintiff to the defendant on the 16th of July, 1898. The petition alleges that this payment was made in pursuance of a fraudulent conspiracy between the defendant and one George R. Warden, then director of public works of the city of Cleveland, that a claim was presented by the defendant which was fraudulent and that Warden, as director of public works, fraudulently approved the claim, as a result of which the claim was paid.

This matter grew out of work done by the defendant under a written contract entered into between the plaintiff and the defendant on the 24th day of March, 1897. Under this contract the defendant undertook to lay a 48 inch riveted steel water main in Spruce street across Sycamore street slip in the city of Cleveland. This was to be done under plans and specifications set out in the contract, from which it appears that the work was to consist of removing a portion of the dock on the north side of Sycamore street slip, excavating a trench and laying a forty-eight inch riveted steel pipe across the slip and then restore the dock on the north said side and the piling on the south side to their original condition. Certain excavation was provided for in this contract, and it was provided that the contractor must assume all risk as to the material to be excavated. Another of the provisions of the contract reads:

"A portion of the dock on the north side of the slip will have have to be removed to make room for the excavatiog and laying of the pipe. A few piles on the north side of the slip may also have to be removed."

A further provision of the contract is:

"That portion of the dock and all piles that are removed or that are in any way disturbed, must be rebuilt or redriven after the pipe is laid and trench refilled. Any timber piles, etc., damaged in any way must be replaced with new material. If the

old piles that are removed should be found of less length than 34 feet below the city base of levels, four new piles will have to be furnished and driven two on each side of the pipe, of the length as shown in plan.''

Another provision was:

''Any work or material incidental to and necessary for completion of the work must be furnished by the contractor without extra charge, although the same be not mentioned in these specifications or shown on the plans.''

A further provision was:

''No claim for extra work shall be made, unless the same be done in pursuance of a written order from the Superintendent of Water Works, and the price to be paid therefor agreed upon before hand; said order to be given prior to the doing of said extra work.''

The entire amount to be paid for the work thus contracted for was $1,800.

As the work progressed it was found that by reason of quick sand, a great amount of work was necessary to prevent the docks in the immediate vicinity from giving way or being injured, and that a considerable number of piles had to be put in and certain bolts and spikes used, which the defendant claimed was not a part of the work to be done under the contract. The fact that this work must be done was reported to the superintendent of water works by the defendant, and the claim is made by the defendant that he directed the work to be done. However, no written order for any of this work, claimed by the defendant to be ''extra,'' was given, but, on the 30th of November, 1897, the defendant presented a bill to the officers of the plaintiff for ''extra'' work, amounting to $1,903.44 in the aggregate. After a considerable time and after consultation between the superintendent of water works and the director of public works and the law department of the city, this bill was approved by the director of public works and thereafter paid.

The claim on the part of the plaintiff is that all of the items of this bill are for work and material provided for in the original contract, and that there was no authority for its payment, and that the plaintiff is therefore entitled to recover it back. The defendant denied all fraud; averred that the work and material included in this bill for ''extras'' was outside of the contract, and that it was ordered by the proper officer of the city, and as a further defense, alleged that the payment was voluntarily made by the city, and that by reason of this voluntary payment the plaintiff was not entitled to recover back the money paid.

The result of the trial in the court of common pleas was a verdict and judgment for the plaintiff for the entire amount.

A motion for a new trial was made by the defendant, which was overruled, and by proper proceedings the case is here for review.

The court took from the jury the issue of fraud, saying there was no evidence tending to show any fraudulent conspiracy on the part of the defendant and the director of public works, and that the plaintiff, if it recovered at all, must recover without there being any element of fraud in the case.

And then the court said:

''If by reason of the slope at which the trench was dug, or it by reason of quicksand encountered in making the excavation, or if by reason of boats or other craft passing in the slip, before the trench was refurnished with dirt or if by reason of any other cause not attributable to the city, the surrounding soil sank or gave way and thus caused the disturbance of the dock and piles which were restored by the defendant, the defendant in making such restoration would be doing merely that which it was required to do by the contract between the parties, and the work and material furnished by it in so doing would not be extra work and material.''

We are not prepared to say that this was a misconstruction of the contract, but if the parties, to-wit, the defendant and the proper officers of the city construed it otherwise, their misconstruction was a mistake of law and not a mistake of fact.

The court said also to the jury that the burden of proving that no written order for the "extra" work was given to the defendant was upon the plaintiff. This last instruction is not and could not be complained of by the defendant, because it was admitted by it on the trial, that no written order for this extra work was made, and since the matters specified in that part of the charge, hereinbefore quoted, substantially included all that was claimed by the defendant as extras, there was practically nothing left for the jury to consider as to whether the defendant was entitled to recover anything on its bill against the city.

On the matter of the voluntary payment the court said this to the jury:

"However, there is another principle of law to be considered in this connection, which is that notwithstanding the claim against the city was illegal and no action could have been maintained thereon against the city, yet if the city, through its proper disbursing officers, voluntarily paid the same, it can not recover back the money so paid, where the work paid for was actually done by the claimant for the city, and was not work which the claimant was required to perform for the city. So you will see, gentlemen, that the plaintiff's right of recovery here is not determined merely by your finding that the Superintendent of Waterworks did not give a written order previous to the doing of the alleged extra work in question. In order that the city may recover it must be further shown either that the work paid for was not done by the defendant or that the same was work which the defendant was bound to do by the written contract between it and the city."

All of this is complained of by the defendant, and it should have been qualified in such wise as that the jury would have understood that the city could not recover if the payment was made for work included in the contract upon a true construction thereof, if such payment were made upon an honest belief that a true construction of the contract did not require the furnishing of this labor and material.

The defendant requested the court to charge:

"If you find that defendant did the work and furnished the material mentioned in the petition, the value of which is stated

therein to be $1,903.44, and that said work and labor and material was not included in the written contract dated March 24th, 1897, then your verdict will be for the defendant there being no evidence in this case of any fraud or deceit used by defendant to induce the payment of $1,903.44, and the payment having been made after officers of the city who had supervision and direction of the work or had opportunity to examine and inspect the work which had been done, and ascertain what work had been done and the value of the same."

This request was refused, and it is claimed that there was error in such refusal. We think that the court's attention having been called by the request just hereinbefore quoted to the matter of the misconstruction of the contract, he should have either given such request or said something more than was said as to the voluntary payment claimed to have been made by the city, and that the charge as given was calculated to mislead the jury on this defense. The evidence strongly tended to show that the officers of the city not only had full opportunity to know what had been done by the defendant but actually knew what it had done, and that if any mistake was made in making this payment which seems from the evidence to be very probable, such mistake was one of law and not of fact, and if such payment were made by mistake of law, this plaintiff was not entitled to recover in the action.

See *Mays* v. *City of Cincinnati*, 1 O. S., 269, in the opinion of which case, at page 275, the court referring with approval to the case of *Brisbane* v. *Dacres*, 5 Taunt., 143, say in that case:

"The court refused to allow a recovery and laid down the principle broadly, that if a person with knowledge of the facts, but under a mistake as to the law, pay over to another, claiming it as a right, money which he has not been compelled to pay, he can not, upon discovering what his legal right was, recover it back, there being nothing against conscience in the other party's retaining it."

The same principle is laid down in the case of the *City of Marietta* v. *Williamson Slocum*, 6 O. S., 471.

In the case of *Railway Company* v. *Iron Company*, 46 O. S., at page 44, the third paragraph of the syllabus reads:

"The rule that a payment voluntarily made under a mistake of law, but with full knowledge of the facts, can not be recovered back, rests upon general principles of public convenience and applies to a corporation as well as to a natural person."

In the case of *Cincinnati* v. *Gas Light & Coke Co.*, 53 O. S., 279, the third paragraph of the syllabus reads:

"A payment made by reason of a wrong construction of the terms of a contract, is not made under a mistake of fact, but under a mistake of law, and if voluntarily, can not be recovered back."

In the case of *Printing Co.* v. *State*, 68 O. S., 362, it is held that this principle applies to counties as well as to corporations and natural persons, and it is there said, that prior to the enactment of the present Section 1277 of the Revised Statutes a prosecuting attorney could not recover back money of the county paid upon an illegal claim. That statute, which was passed on the 25th of April, 1898, provides in express terms that the prosecuting attorney may maintain such an action and recover back money volutarily paid by the county upon an illegal claim. There is no such provision authorizing a municipal corporation or any officer of such municipal corporation to maintain such an action. That being the case, the rule as to voluntary payments applies to a municipality the same as to a natural person, and the court should have charged in such terms that the jury would have understood it, that if when the plaintiff made the payment to the defendant it had knowledge of the facts upon which the defendant's claim was founded, it was not entitled to recover back, notwithstanding such payment may have been made under a mistake of the law, and for failing so to charge and for the misleading character of the charge on this proposition, as herein pointed out, the judgment of the court below is reversed and the cause remanded.